# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JOHN S. BLANDON, Respondent, v. CURTIS H. MOSES,
  AS TRUSTEE OF SCHOOL DISTRICT No. 12, OF THE TOWNS OF
  VAN BUREN, ELBRIDGE AND CAMILLUS, Appellant.

*Trustee of a school district cannot employ an unlicensed teacher — power of such trus-*
*tee to employ an unlicensed person, on condition that he procure a license — 1864,*
*chap. 555.*

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury in the Onondaga County Court.

The action was brought to recover damages for the breach of an
oral contract by which the defendant employed the plaintiff as a
teacher for his school district for the period of twelve weeks. After
the making of the contract the defendant notified the plaintiff that
he revoked the contract and would not accept his services. At the
time the contract was made the plaintiff had no license to teach, but
after the revocation of the contract, and prior to the time when
the school was to open, he passed an examination and procured the
requisite certificate.

The court at General Term said : " Two questions are presented
for our consideration on this appeal, one is, was the contract valid
and binding upon the parties thereto, or was it illegal and inopera-
tive for the reason that the defendant, as trustee, had no power and
authority to contract for the plaintiff's services as teacher, he at that
time having no certificate from the proper officers.

" In *Gillis* v. *Space* (63 Barb., 177) it was held that a trustee of
a school district had no authority to contract for the services of an
unlicensed teacher, and that an executory agreement engaging the
services of such a person was invalid and not binding upon the school
district. This decision was made in this department and we adhere

to the interpretation then given to the statute creating and defining the duties and powers of school trustees as contained in chapter 555, Laws of 1864.

"This construction of the statute was observed and adhered to by the learned county judge, on the trial of this action, both by his rulings while the trial was progressing and in his charge to the jury.

"The complaint set forth the agreement as a positive and unconditional one, and in terms as being an engagement for plaintiff's services for the period of sixteen weeks, at twelve dollars per week, to commence on the first day of December then following.

"On the trial, the plaintiff was permitted to amend his complaint by inserting an averment that the contract was conditional in terms, and was to become binding and operative if the plaintiff did, before the time mentioned for opening the school, procure from the proper authorities the usual certificate granted by the school commissioner.

"It was intimated by the court, in *Gillis* v. *Space* (*supra*), that a trustee could make a valid conditional executory contract, engaging the services of an unlicensed teacher, if, before the time for entering upon the performance of the contract, the person engaged to teach did procure the proper certificate, for the reason, as there stated, that such an agreement is not a contract for the services of an unlicensed teacher.

"In disposing of this appeal, we do not need to affirm or dissent from the latter proposition, for the reason that we are of the opinion that there was not sufficient evidence given on the trial to justify the County Court in submitting to the jury the question, whether or not it was the understanding between the parties, and made a condition of the agreement, that the contract was conditional and not to be binding on the district unless the plaintiff procured the certificate required by the statute." *   *   *

*William Porter*, for the appellant.

*Waters, McLennan & Dillaye*, for the respondent.

Opinion by BARKER, J.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

Judgment reversed and new trial ordered in the Onondaga County Court, costs to abide event.